IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JAMES CANNON,                    )
                                 )
    Plaintiff,                   )
                                 )
                                 )    CIVIL ACTION NO.
    v.                           )      2:13cv749-MHT
                                 )           (WO)
FLOWERS BAKERY OF                )
MONTGOMERY, LLC; et al.,         )
                                 )
    Defendants.                  )
```

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  See 28 U.S.C. § 1332; see also

2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The removal notice is insufficient because it does not fully indicate the citizenship of a party that is a 'limited partnership': ARAMARK Management Services Limited Partnership, identified in the complaint as ARAMARK Facility Services, LLC.  "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Associates, 494 U.S. 185, 195-6 (1990)).  The notice must therefore allege the citizenship of all partners of the limited partnership.  Id. at 1022.  And if any of the partners, general or limited, are themselves entities, the notice must also allege the citizenship of each and every entity based on the nature of that entity.  See id.; Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 (5th Cir. 2009);

2

<u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).

The removal notice indicates that the general partner of ARAMARK Management Services Limited Partnership is ARAMARK SMMS LLC, a Delaware limited liability company. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." <u>Rolling Greens</u>, 374 F.3d at 1022. The removal notice does not indicate the citizenship of the members of ARAMARK SMMS LLC.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendants have until November 1, 2013, to amend the notice of removal to allege jurisdiction sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 18th day of October, 2013.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE